UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Lola Baria Silas, | ( |
| Plaintiff | ( |
| | ( |
| vs. | ( No. 2: 14-cv-02315-JPM-dkv |
| | ( |
| Hyatt Place Memphis d/b/a | ( |
| Pillar Hotels and Resorts, | ( |
| Defendants | ( |

## AMENDED COMPLAINT

Plaintiff amends the original complaint at the request of the Defendant pursuant to F.R.C.P. 8(a) and 12(e). Plaintiff alleges that her Implied Contract Agreement with Hyatt Place Memphis d/b/a Pillar Hotels and Resorts was interfered by Donta Mason (Head Sales Lead) who negligently imposed on the Plaintiff his indifference with her professionalism.

Plaintiff is seeking Interference Tortious Contract pursuant to T.C.A. §47-50-109. Plaintiff is a independent aggrieved contractor of an implied agreement with the Defendant who wish to recover against the employer for breach of the agreement for wrongfully terminating the services because of the fact Donta Mason who negligently coerced the plaintiff with his harassment in following the Plaintiff throughout the hotel creating a hostile environment toward the plaintiff and further assaulting her because he was not getting the attention that he thought he so deserve when in fact the plaintiff was only carrying out her duties to leave the building when the defendant had other obligations then to follow the plaintiff around and demand his respect of her when the plaintiff was never trying to disrespect him or anyone. The statutory and common law caused of this action and elements that includes; one, the Defendants acted maliciously; and two, the wrongful act is the proximate cause of the breach of contract.

Plaintiff has demonstrated her professionalism with the employer who conveyed that they need the Plaintiff to be available for work at anytime, which the plaintiff has been reliable, dependable, and with good ethics. Plaintiff has been accountable to the point of providing her expertise in a short period of

her employment to work independently the first shift and who has checked out guests on numerous occasions with direct bill codes prior to her mistake that the defendant, Donta Mason brought to Plaintiff attention, which Donti Mason should have been aware of to avoid negligence that initiated a hostile work environment, harassment, defamation of character, age discrimination, and wrongful discharge. Plaintiff was never given a fair hearing to the issue and was retaliated on by management because she uttered the words, "file court charges" because the Plaintiff would not keep quiet no longer for adverse treatment of her first complaint on Donta Mason on July 30, 2013.  See T.C.A. § 4-21-301 (1) (5) and Title VII Human Rights Acts of 1964 section 2000e-3 § 704(a).

Under such Contract Theory; the intent between employer and employee under the presumptions governing indefinite employment contracts as described under the English Rule; indefinite employment contract is presumed to be for a year and this presumptions was based not on the intent of the parties, but on the needs and customs of the business, which was expressed to the plaintiff upon her agreement of employment with the defendant. It is that the state of Tennessee is a At-Will- Doctrine state, which the Plaintiff like to include in the decision of this case to acknowledge the Public Policy Doctrine because the plaintiff did not engage in any criminal activity as the defendants and falsely alleged. Under the Tennessee Public Protection Act of 1990; no employee shall be discharged or terminated solely for refusing to remain silent about illegal employment activities that would adversely affect employment opportunity. The Tennessee Supreme Courts have recognized that employment is the means of sustaining life for oneself and family as with the Plaintiff, which employers should morally though not illegally be compelled to cause hardship on any individual except with strict criminal nature that the employee actively created; the Plaintiff certainly did not create a hostile work environment with Donta Mason who did not have a reason to, but the defendant has acted irrationally as to falsely fabricate lies about what the Plaintiff did to cover up what Donta Mason had done just because the Plaintiff blurted out that she will file court charges and the Plaintiff being emotionally disturbed from Donta Mason and then Annette Lawrence calling her a liar afterward prompted the plaintiff to call Annette Lawrence on her personal cell phone to defend herself by saying, "she will not be defined as a person with false tongue because this is not her nature and that she was deeply hurt by Annette Lawrence behavior toward her and believe that Annette Lawrence is being vindictive for the Plaintiff speaking up to her about how she has been defamed continually by the employer and co-workers. The defendants has put the plaintiff through much distress and hardship and pray to the Courts for indemnification for

"Interference of Tortious Contract" through negligence of harassment, defamation of character, assault, and adverse judgment that ended the Plaintiff employment wrongfully.

## JURISDICTION AND VENUE

1. This Court has Jurisdiction over Plaintiff who resides in Tennessee, Shelby County at 1654 Beaver Trail Drive, Cordova, TN 38016.
2. This Court has Jurisdiction of subject matter pursuant to F.R.C.P. 28 U.S.C. § 1331, 1332.
3. This Court has Jurisdiction over Defendant, Hyatt Place Memphis d/b/a Pillar Hotels and Resorts, a company operating and doing business in Memphis, TN. at 7905 Giacosa
4. Venue is within the Western District Court of Tennessee pursuant to F.R.C.P. 28 U.S.C. § 1391. For at the time of the alleged events in complaint occurred in this District.

## PLAINTIFF PRAYS FOR JUDGMENT AND RELIEF

5. Plaintiff prays for back pay that includes the value of wages, fringe benefits the plaintiff would have received during a three (3) year term from the time of her "Interference Tortious Contract for the duration of three years in the amount of $65,000.
6. Plaintiff prays for front pay in the amount of $57,600 for the duration of three years the Plaintiff would have been employed with the defendant or possible reinstatement with front pay the plaintiff would have earned plus relocation fees necessary, and remedy of hardship the courts may deem reasonable for the trouble.
7. Plaintiff prays for Compensatory Damages for emotional distress, pain and suffering for the inconveniences of livelihood, mental anguish in the amount of $10,000.
8. Plaintiff prays for Punitive Damages for malice and reckless indifferences toward the plaintiff employment opportunity in the amount of $10,000.
9. Plaintiff prays for injunctive relief that all documents that is in personal file of the plaintiff on verbal or discharge be destroyed as if it never occurred; secondly , if reinstated that she encounter no retaliation in any subliminal way of her employment for a duration of 10 years of employment except for criminal actions on behalf of the Plaintiff.
10. Plaintiff pray that all if any attorney fees and court fees be paid by the defendant.

Cordially Submitted,

_____
Lola Baria Silas, Pro Se/Plaintiff
1654 Beaver Trail Dr.
Cordova, TN  38016
callmebaria@ymail.com
615-720-7906

## CERTIFICATE OF SERVICE

I herby certify on this day, May 19, 2014, placed in the U.S. P.S. a true and correct copy of the foregoing "Amendment Complaint, Case Number 2: 14-cv-02315-JPM-dkv In The United States District Court For The Western District of Tennessee, Western Division, to the Defendants at the address as following:

Carl K. Morrison (TN BPR No. 16824)
Russell W. Jackson (TN BPR No. 27322)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
6410 Poplar Ave., Ste. 300
Memphis, TN 38119

Lola Baria Silas, Plaintiff/Pro Se